JESÚS OTERO, Plaintiff and Appellant, *v.* ZENÓN SALES, Defendant and Appellee.

No. 9516. Argued November 3, 1947.—Decided February 27, 1948.

---

*Gilberto López de Victoria* for appellant. *A. Ramírez Silva* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

The plaintiff-appellant brought an action of denial of servitude and, as a provisional remedy, he applied for an injunction *pendente lite* to restrain the defendant from using the road in controversy and to compel him to remove from said road the wires and stakes that he had placed therein. The application was denied and the plaintiff thereupon appealed to this Court.

The facts alleged in the petition are, in brief, as follows: That the plaintiff is the owner of a 5-acre (*cuerdas*) property which is bounded on the south by another property of 23 acres belonging to the defendant; that from time immemorial plaintiff's property has had access to a municipal road through another road which leads from his farm towards the south and crosses a property owned by Juan Alemañy Sosa; that the latter road does not pass through any portion of plaintiff's farm; that about six years ago, before the plaintiff purchased the 5-acre property, the defendant re-

quested and obtained from the former owners a temporary permit to cross said property, on foot or on horseback, in order to transport certain products of his farm; that after the plaintiff acquired the property, the defendant again requested permission to pass through it and the plaintiff granted it out of mere tolerance; and that, subsequently, since the plaintiff had proceeded to fence his property, and had not permitted the defendant to continue passing over it, the defendant requested and obtained from the District Court of Mayagüez an order of injunction to recover possession of his alleged right to go over plaintiff's property.

The plaintiff also alleges that subsequent to the issuance of the order of injunction in favor of the defendant, the latter proceeded to widen the road up to 5½ meters, fencing it with barbed wire; that the road divides plaintiff's farm, leaving a large area isolated from the remaining portion of the land, without any exit for plaintiff's livestock, which usually graze there, the plaintiff having to climb over the wires in order to be able to take food and water to his cattle; that the defendant has carried out all these acts forcibly and in a provocative and threatening manner; that the continuance of said acts will cause plaintiff irreparable injury; and that injunction is the only adequate remedy for the protection of his rights.

The defendant moved to dismiss the petition for injunction *pendente lite,* among other grounds, because the granting of an injunction would prejudge the main action and would be tantamount to securing the effectiveness of the judgment that might be rendered, which is not a proper remedy in this kind of actions.

After the case was submitted on the pleadings, the lower court, on March 28, 1947, made an order which in its pertinent part reads thus:

"The court, after considering the record in this case and the allegations of the petition for injunction, from which it appears

that this court rendered judgment in civil case No. R–3219, *Zenón Sales* v. *Jesús Otero,* for an injunction to recover possession, which judgment is definitive (*firme*) and enforceable, denies said petition for an interlocutory injunction, since the granting thereof would operate to vacate the judgment rendered by this court in the above-mentioned case, No. R–3219, and the issuance of an injunction to set aside a judgment does not lie, as the plaintiff Jesús Otero had an adequate remedy in the ordinary course of law, such as an appeal from the judgment rendered in case No. R–3219 of this court.''

Feeling aggrieved by that decision, the appellant took the present appeal, wherein he urges as an only error that ''the district court erred in denying the petition for an interlocutory injunction because it considered that the granting thereof would be equivalent to setting aside the judgment rendered by it in the prior injunction proceeding to recover possession.''

▉ The appellant argues that the lower court might equally render final judgment against him in the ordinary action of denial of servitude because a decision in his favor would also be tantamount to vacating the judgment in the injunction proceeding to recover possession. The appellant is wrong. In an injunction proceeding to recover possession, the ownership rights of the parties are not determined, nor are conflicts of title decided, only the fact of possession is involved. The defendant may enforce his rights in the proper action. *Rosas* v. *Mariani,* 8 P.R.R. 354; *Vázquez* v. *Rivera,* 37 P.R.R. 748; *Crespo* v. *San Miguel,* 63 P.R.R. 934.

▉▉ In the case at bar the defendant obtained possession of his alleged right to go over plaintiff's property by virtue of a judgment rendered by the District Court of Mayagüez. The plaintiff could have applied for a review of said judgment by taking an appeal to this Court, but he failed to do so and allowed the judgment to become definitive (*firme*). He chose to file an action of denial of servitude and, within that action, to apply for an interlocutory injunction to restrain

defendant from passing over the property pending a final decision on the merits.

Under those circumstances, we are of the opinion that the granting of the interlocutory injunction sought would prejudge the main action and would be equivalent to the execution of the judgment which might be rendered. We have already decided in *Pereira v. Villafañe,* 10 P.R.R. 11, that when an injunction is sought as a provisional remedy during the pendency of a suit, the result of the suit should not be prejudged in the injunction proceeding.

The decision appealed from should be affirmed.